**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ARTHUR RUTENBERG HOMES, INC.,
and BRENTWOOD CUSTOM HOMES,
INC.,**

            **Plaintiffs,**

**-vs-**                                      **Case No. 6:05-cv-1350-Orl-22DAB**

**HILLCREST HOMES AND DEVELOPMENT,
INC.; MJS, INC.; JOSEPH DiFRANCESCO; and
BERNADETTE DiFRANCESCO,**

            **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO DISMISS COUNTERCLAIM (Doc. No. 25)**
>
> **FILED:**       **November 23, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

In this copyright infringement action, Plaintiff sued *inter alia* Defendants Joseph and Bernadette DiFrancesco, and they have counterclaimed for "False Designation of Origin, 15 U.S.C. §1052(a)." The instant motion seeks dismissal of the counterclaim, asserting that the false designation of origin claim fails to state a legally cognizable cause of action. The DiFrancescos have responded to the motion (Doc. No. 28), asserting only that factual issues can not be resolved on a motion to

dismiss. This Court finds that the issue is not a factual issue, but one of law, and it is **respectfully recommended** that the motion to dismiss the counterclaim be **granted.**

### *STANDARD OF REVIEW*

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41 45-46 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1947).

### *FACTUAL BACKGROUND*

For purposes of this motion, the Court looks to the four corners of the pleadings. Plaintiff Arthur Rutenberg Homes, Inc. ("ARH") has alleged that it authored, developed and engineered certain architectural drawings (Bellagio and Bellagio II). (Complaint at 10). On October 14, 2004, formal claims of registration of copyright were granted to ARH for the Bellagio II, and on June 21, 2005, formal claims of registration of copyright were granted to ARH for the Bellagio. (Complaint at paragraphs 11 and 12). Plaintiff Brentwood Custom Homes, Inc. ("Brentwood") is an authorized ARH franchisee that designs, develops, builds, and sells residential dwellings. (Complaint at 4). The Complaint asserts that the DiFrancescos worked with Brentwood to build a Bellagio home, had access to the copyrighted plans, but then went with another builder and "using the Bellagio drawing without Plaintiffs' permission, Defendants prepared a floor plan design for use and construction of the DiFrancesco Residence." (Complaint at 16-24).

In their Answer and Counterclaim, the DiFrancescos assert that in early 2004, they met with a representative of Brentwood to discuss home floor plans, and discussed floor plans drawings titled "Bellagio."(Counterclaim at paragraph 5). At that time, the DiFrancescos allege that they made

several suggested changes to the Bellagio floor plans, including changes to the bedrooms, entry way, and garage. (*Id.* at 6). These changes were incorporated into a drawing, created in early 2004, called "The Bellagio," a copy of which is attached to the Counterclaim. The DiFrancescos allege that they are the authors of the design called "The Bellagio." (*Id.* at 7). They assert that Plaintiffs' attempted use of the copyrights falsely suggests that Plaintiffs were the originators of the drawings. (*Id.* at 15.)

### *ANALYSIS*

The Counterclaim purports to allege a violation of 15 U.S.C. §1052(a), which pertains to trade marks, and is not applicable here. As the DiFrancescos acknowledge in their response, their claim for false designation of origin is based upon 15 U.S.C. §1125(a), and not § 1052(a). As the Plaintiff has addressed its motion to the insufficiency of a claim for false origin under § 1125(a), the misdesignation (no pun or irony intended) has caused no harm and the Court proceeds to the merits of the motion.

Title 15 U.S.C.A. §1125(a) ("the Act") provides for a civil action when "any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin . . . which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person" and the plaintiff believes that he or she is likely to be damaged by such act. Two types of activity are prohibited by this section: 1) false advertising and "passing off," when the defendant misrepresents its product as coming from the plaintiff; and 2) "reverse passing off," when the defendant misrepresents the plaintiff's product as its

own. *See Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 25, 123 S. Ct. 2041, 2045, 156 L.Ed.2d 18 (2003).

Here, as set forth above, the DiFrancescos assert that Plaintiffs engaged in reverse passing off, by misrepresenting the Bellagio drawings as their own when the DiFrancescos assert that they are the authors. According to the DiFrancescos, this is a fact dispute which cannot be resolved on a motion to dismiss (Doc. No. 28). While authorship is a question of fact, the applicability of the Act to these allegations is a question of law. And, as argued by Plaintiffs, the law is established that the Act does not prevent the unaccredited copying of an uncopyrighted work.

In *Dastar, supra,* the Supreme Court construed the "origin of goods" language of the Act to refer only to "the producer of the tangible goods that are offered for sale, and not the author of any idea, concept, or communication embodied in those goods." 539 U.S. at 37. Thus, a false designation of origin claim is only viable if a defendant obtains the plaintiff's product and repackages the product as its own. *Id.* at 31. Here, the four corners of the pleadings establish that the DiFrancescos are not the "origin" of any good or service under the Act. Origin refers to the manufacturer of a physical product, not the originator of ideas or communications that a good embodies or contains. *Hustlers, Inc. v. Thomasson,* 73 U.S.P.Q.2d 1923, 1925 (N.D. Ga. 2004), *citing Dastar.* At best, the DiFrancescos assert that they are the originator of the ideas contained in the Bellagio. Such a status is protected, if at all, under the copyright laws, and not the Act. *Hustlers, Inc., supra* (claim that ownership of copyrights to certain compositions were incorrectly attributed, not actionable as a false designation of origin claim as a matter of law); *Williams v. UMG Recordings, Inc.,* 281 F. Supp.2d 1177 (C.D. Cal. 2003) (failure to credit writer/director of movie not actionable under the Act). The

DiFrancescos offer no argument as to why its claim is not barred under this persuasive authority, and the Court finds none. A false designation of origin claim is not available under the Act on these facts.

### *RECOMMENDATION*

For the reasons set forth above, the Court finds that the counterclaim is not viable, as a matter of law. It is therefore **respectfully recommended** that it be **dismissed.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 2, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy